IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN ROBERTSON,

                Plaintiff,                ORDER

   v.

                                          14-cv-114-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

    Plaintiff Jonathan Robertson seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. On May 15, 2015, the court heard oral argument in this case. For reasons discussed during the hearing, the court will remand this case to the Commissioner for further proceedings.

    Robertson alleged that he was disabled because of an ankle injury that he suffered in 2010. Robertson had periods of improvement during the next two years. But in 2012, one of his treating doctors, Dr. Gaskill, opined that the condition was still limiting Robertson's physical functioning. The ALJ rejected this opinion because it was "inconsistent with the observations of multiple examiners who noted improved functioning with regard to [Robertson]'s ankle." R. 74.[1] This reasoning might explain why Dr. Gaskill's opinion is not entitled to controlling weight. But in discrediting the limitations that Dr. Gaskill recommended, the ALJ did not identify and apply the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527(c). Remand is therefore necessary so that the ALJ can reevaluate Dr. Gaskill's opinion. *See Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010).

---

[1] Record cites are to the administrative record. Dkt. 9.

There are three specific issues that the ALJ must evaluate on remand. First, Dr. Gaskill opined that Robertson could not work for five consecutive days in a given week. Contrary to the Commissioner's assertion, this is not an opinion on an ultimate issue.; *see also* 20 C.F.R. § 404.1527(d); SSR 96-5p. Thus, the ALJ cannot reject it without first applying the § 1527(c) factors to Dr. Gaskill's opinion.

Second, the ALJ must analyze Dr. Gaskill's opinion that Robertson could walk for up to four hours each day and that he could stand for up to four hours each day. It is not clear whether these limitations are separate (*i.e.*, that in an eight-hour day, Robertson can walk for four hours and *also* stand for four hours), or whether these limitations should be read as a combined restriction to a total of four hours walking *or* standing. The ALJ has a duty to develop the record, and if a doctor's opinion is ambiguous, then the ALJ must resolve that ambiguity. *See Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) ("[T]he ALJ in a Social Security hearing has a duty to develop a full and fair record."); 20 C.F.R. § 404.1512(d).

Finally, if the ALJ concludes that Robertson is not currently disabled, then the ALJ must explain whether Robertson underwent a closed period of disability. The medical evidence generally suggests that Robertson's condition improved after treatment, and he may therefore not have been disabled for a consecutive 12-month period. *See* 42 U.S.C § 423(d). But there is also evidence that Robertson's condition did not improve, and that he needed further treatment. The ALJ should therefore look to medical opinions from sources who reviewed the record as a whole—rather than opinions from sources who examined Robertson during his window of apparent improvement—to determine whether Robertson was disabled for a closed period. This would include, for example, analyzing whether the stage agency consultant who reviewed the medical evidence at a later date was better able to evaluate Robertson's overall condition.

This order does not mandate that any opinions be given a particular weight, nor does it mandate a finding of disability. But the ALJ must adequately explain the weight that he assigns to the medical opinions in the record.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Jonathan Robertson's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered May 18, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge